CHARLES HUNTER, Appellant, *v.* THE MAYOR AND ALDERMEN OF NEWPORT, Appellees.

In a decree of a board of aldermen, laying out a highway, their judgment therein expressed, that "public convenience requires" the laying out of the highway, is equivalent to finding that the highway is "necessary," in the sense of the "act for laying out highways." Digest 1844, p. 319.

Where the proceedings for laying out a new highway, describe it as laid out "from the easterly side of Long Lane, so called, to the westerly side of Malbone's Lane," the terminus in Long Lane is sufficiently definite, although Long Lane be private property; so that there be an open lane of that name visible upon the land.

Upon an appeal from the order of a board of aldermen laying out a highway, evidence that it was not laid out by them, until they had received a paper from the petitioners for it, indemnifying the town against all the expenses caused by laying out the same, is not relevant to any issue before the jury; since, upon such an appeal, the question for the jury is, whether the highway *is* necessary, and not what motives influenced the board of aldermen in coming to their conclusion that it is so.

The expense of opening a new highway in comparison with its convenience to the public, is proper to be considered by town councils and boards of aldermen, in coming to a conclusion whether they should lay it out.

APPEAL from an order of the board of aldermen of the city of Newport, laying out a highway, fifty feet wide, from Long Lane, so called, to Malbone's Lane, in said Newport, partly through land of the appellant.

The order of the board, which was based upon a petition for the new highway, stated, " that upon consideration and examination of the subject-matter and prayer thereof, the said board do further resolve and determine, that *the public convenience requires*, that a new highway should be laid out, from Long Lane, so called, to Malbone's Lane in said Newport, commencing on Long Lane at the northwest corner of land of the heirs of Thomas Peckham, and thence, easterly, to the westerly side of

Malbone's Lane, and there ending, where the same is now fenced out by the proprietors of the land." The report of the committee, appointed by the board of aldermen to survey, bound, and mark out the proposed highway stated, and the plan returned by them to the board, showed, that they had laid it out, of the required width, from the easterly side of Long Lane, to the westerly side of Malbone's Lane, both which lanes ran nearly at right angles to the new road, which connected them.

. Upon the trial of the appeal in the court of common pleas for the county of Newport, before Mr. Justice Shearman, with a jury, the appellant requested the court, amongst other things, to charge the jury, that the determination of the board of aldermen, expressed in the above order, " that the public convenience required " the highway in question, " is not equivalent to a judgment, that said highway is necessary ; and so, that there was no such judgment in the case as the statute *requires ;* and so, the proceedings are void and must be annulled." The court refused so to charge, and did charge, that the order was, in this respect, in substantial compliance with the requirement of the statute. The appellant also requested the court to charge the jury, that, inasmuch as the committee who laid out the highway, by their report and the plan or draught annexed thereto, described, in said report, the westerly terminus of the highway as being the easterly side of Long Lane, while by the plan or draught, and the evidence in the case, it appears, that the western terminus of the said highway actually abuts upon the private property of the appellant, that the proceedings are void for ambiguity and uncertainty. This, also, the court refused to charge; instructing the jury, in substance, that taking the documentary and oral evidence in the case into consideration, there was no such ambiguity or uncertainty as to the terminus of the road on Long Lane, or any such variance between the report of the committee and their plan or draught annexed to the report, as to make their proceedings invalid; and that the fact, that the highway terminated, at one end, on the lands of a private individual, was an argument or reason for the jury to consider, in weighing the public necessity of the highway, but, if they found the highway to be necessary, did not render the lay-out void, as a matter of law.

The appellant offered in evidence a certain paper, dated December 22, 1856, signed by J. Prescott Hall and others, proved to have been delivered to the mayor of Newport, and found amongst the papers in the city clerk's office, but not proved to have been communicated to the board of aldermen; first, to show, that the lay-out of the highway was not based, in the judgment of the board of aldermen, upon its public necessity, but upon a stipulation of individuals to indemnify the city against the expense of laying it out; second, to show, that there was no necessity for the highway, as a matter of fact; the paper affecting the weight of the testimony of a party to it, and showing that the board of aldermen did not perceive the necessity of the highway until after the stipulation was given; and, third, for the purpose of raising the question, whether the proceedings of the board were not, by reason of the acceptance of such stipulation, irregular and void. In further explanation of the purpose of the evidence offered, the appellant requested that it might pass to the jury, and the court to charge the jury with regard to it, " that if they believed, that the judgment of the board of aldermen was based upon this stipulation of indemnity, and not upon their own opinion of the necessity of the road, then such judgment was wholly void, as against public policy, and fraudulent in law; and that no confirmation of the same could be had in this court."

The court refused to admit the paper, except for the purpose of affecting the weight of the testimony of a party to the same, who had been called as a witness; and charged the jury, that they could not consider the paper, for the purpose of affecting the validity of the determination of the board of aldermen as to the necessity of the road.

To these refusals to charge, and instructions given to, the jury, and to this exclusion of evidence, the appellant having duly excepted, his exceptions were brought to this court, for the correction of the errors in law therein alleged.

*Payne*, for the appellant, insisted :—

1st. That the paper was improperly excluded for the purposes for which it was offered.

2d. That the western terminus of the highway was indefinite;

being on Long Lane, which was the private property of the appellant; and

3d. That the judgment of the board of aldermen, " that public convenience requires" the laying out of the highway, is not equivalent to a judgment, that the highway is necessary. Angell on Highways, 63–65; *The West River Bridge Company* v. *Dix et al.* 6 How. 545, 546. Land of individuals may be condemned to *necessary* public uses, but not to mere public *convenience.* Ib.

*Wm. H. Potter*, for the appellees:—

1st. The language of the order, that " public convenience *requires*" the highway, is tantamount to its being " necessary," in the sense of the statute. The precise statute words need not be used. *Lockwood* v. *Gregory*, 4 Day, 407; 2 Mass. 17; 6 Ib. 491; 10 Shepley, 9; *Rice* v. *Turnpike, &c.* 7 Dana, 86.

2d. The paper of indemnity does not vitiate the proceedings. Law Reporter, October, 1840, p. 229; *Parks* v. *Boston*, 8 Pick. 218; *Inhabitants of Freetown* v. *Bristol*, 9 Ib. 46; *Jones* v. *Andover*, Ib. 146, 154; *Copeland* v. *Packard*, 16 Ib. 217; 20 Conn. 1; 24 Wend. 65.

3d. There is no discrepancy between the decree and report, or between the latter and the plan, and no ambiguity in either; but the highway is ordered to be laid out, and is laid out, to Long Lane.

4th. But even if the decree is to be construed as laying out the highway to the land of an individual, yet this is a matter affecting solely the discretion and judgment of the board of aldermen and the jury as to its necessity, and does not render the lay-out void in law. *Austin's case*, 1 Ventris, 189; *Rex* v. *Lloyd*, Cowp. 260; *Rugby Charity* v. *Merryweather*, 11 East, 375, n. a; *Paine* v. *Leicester*, 22 Verm. 44.

BRAYTON, J. The first exception of the appellant is, that the judgment of the mayor and aldermen, as to the necessity of the way, is not in compliance with the statute, which empowers them to lay out highways; that there must be a judgment, expressly, that the way is *necessary*, in the words of the act; and that the judgment here, " that the public convenience requires that the highway should be laid out," is not equivalent to a

judgment that it was *necessary;* and so, (the appellant says,) " there is no such judgment in the case as the statute requires."

Were we to give the same force to the word *" require"* that the appellant has given to it, in the statement of his exception, we might well say, that here *was* a judgment, that the public convenience rendered it *necessary* that the way should be laid out. He says that the statute *requires* a certain judgment, in form. This certainly implies a necessity, and is tantamount to saying, that the statute renders such a judgment necessary. The same word, " requires," is used by the mayor and aldermen, in the same sense, in relation to what the public convenience demands.

The statute (Digest of 1844, p. 319, § 2,) provides, that " if it be found necessary that other highways be laid out in any town, besides such as have been or shall be laid out by the proprietors, in every such case, it shall be lawful for the town council of such town to order a highway to be laid out, so far, and through such parts of the same town, as they may deem necessary." Under this act, it has been held requisite, before the land of private owners could be condemned to the public use, that there should be a judgment, that the way proposed to be laid out was necessary for the public accommodation ; since the town council or mayor and aldermen, who have the same powers, are only authorized to lay out highways, in case they shall be deemed necessary. The simple convenience of the public is not sufficient to warrant the lay-out. It is not every mere inconvenience of the public that is to be regarded. Something more than this must exist, to warrant the taking of private property for such use. The purpose of laying out a new highway is, and must be, to remedy some existing evil. That evil can be no other than the great inconvenience of the public in being confined to the accustomed existing ways. This inconvenience must undoubtedly rise so high, as to be deemed by the town council or mayor and aldermen an evil, an unreasonable burden upon the community. It was never, however, understood that the term *necessary*, in this act, implied, or was intended to imply, an absolute necessity ; for in that sense, no new way, in modern days at least, could ever become necessary.

28 *

There are always ways which *may be* used, though at great in-
convenience ; so great, that it would be unreasonable that the
public should be subjected to it, but yet such as may be en-
dured. · If, therefore, the town council, or the mayor and alder-
men, are of opinion, that the inconvenience is so great that it is
unreasonable that the public should be subjected to it, and that
it requires a remedy, and so all judge, this, we think, is all the
necessity which the act contemplates.    To require more, would
be to render the act practically inoperative, and take from it
all its remedial power.    The mayor and aldermen of Newport
have adjudged, that the public convenience requires this way ;
and, in effect, have said, that public convenience demands, and
rightfully demands, relief ; and that the way has become a
necessity to the reasonable relief of the community ; and this,
we think, is sufficient.

The next exception insisted upon in the argument, is, that
the description of the highway, in the report of the committee
to locate the same, is ambiguous ; and the ambiguity is stated
to consist in this, that the westerly terminus is described as at
Long Lane, and Long Lane, upon the proof, is not a public way,
but is a private way ; the fee thereof being in the appellant. · It
is difficult to perceive the ambiguity which seems to labor in
the mind of the appellant.    If, as matter of law, a lane could not
be private property,—if that term were a legal term applicable
to public ways only, and it were proved, that though described
as a public way, it was a mere private way, this objection
might be worth considering.    But it is admitted here, that at
the terminus of this way as laid out, there was a lane, called
Long Lane ; and this precisely answers the description, in the
report, of the point at which this highway terminates.    The
term "lane" is not a legal term.    It signifies simply a narrow
way, which may be either public or private ; and is oftener per-
haps private than public.    It equally answers the description
here, whether it be a public or a private way.    We see no am-
biguity, therefore, whatever ; and this exception must be over-
ruled.

Another ground of exception, is, that a certain paper, bearing
date December 22, 1856, and signed by J. Prescott Hall and

others, by which they stipulated, in writing, to indemnify the city against all the expenses of laying out the way in question, was not allowed to be put in evidence, except for the single purpose of affecting the credit of the parties who signed it, as they were witnesses to the necessity of the way.

The appellant offered the paper, as the exception states, for the purpose of showing, 1st, that there was no judgment of the board of aldermen, that the way was necessary,—that, in substance and effect, the record brought up, showing such a judgment, is not true,—and that, really, that judgment was based upon the stipulation; 2dly, for the purpose of showing, that the board of aldermen did not perceive any necessity for the way, until the stipulation was made; and 3dly, to show, that the judgment was fraudulent in law, and void, as against public policy.

It would be a sufficient reason for excluding the paper from passing for any of the purposes stated, were it otherwise admissible, if as the exception states, it never was presented to the board of aldermen, or, in any way, used to affect their determination. So far as it was offered to contradict the record of the board of aldermen, and to show that no such judgment was rendered by them, its exclusion is warranted and required by the rules of evidence; since the record imports absolute verity, and cannot be contradicted. But in order to dispose of all these points, it is only necessary to consider for a moment what was the purpose of this appeal, and what questions were presented to the jury, for their consideration. The board of aldermen had adjudged that the way was necessary to the public convenience, had ordered it to be marked out and bounded by their committee, and as thus bounded and marked out, had declared it to be a highway; having first assessed the damages of the appellant, the only landholder who claimed damages. The appellant appealed from these proceedings of the board of aldermen to the court of common pleas, and the questions before that court were simply, whether the way, as laid out, was necessary, reasonably necessary, for the public use; and if so, whether the award of damages to the plaintiff was sufficient in amount. These were the issues to the jury, and were to be

tried, not upon the evidence submitted to the board of alder-
men, but upon evidence to be submitted to the jury. Whether
the determination of these questions below was upon insuffi-
cient evidence, or upon evidence improperly admitted, or in
consequence of evidence improperly rejected, could not be ma-
terial. It was quite sufficient, that the parties had the benefit
of all the evidence before the jury, properly applicable to the
issues made, without regard to the fact, that it had been offered,
or rejected, elsewhere. The conduct of the tribunal below,—
the weight which it gave to the evidence before them,—whether
too great, or too small, was, in no way, relevant to the issues
before the jury. The evidence was properly rejected, for any
of the purposes for which it was offered; and this exception
must be overruled.

In thus disposing of the points raised by the exception, we
do not mean to intimate that the board of aldermen might not
properly have taken into consideration the expenses necessarily
to be incurred in making and establishing the way asked for.
In coming to their determination as to the necessity of the way,
and whether the demands of the public were reasonable, they
might well consider, whether the expenses of opening the way
were not altogether disproportionate to the advantages to be
derived from it. A much smaller degree of convenience, where
the cost would be merely nominal, as where the landowners are
free to release all damages, might well be deemed reasonably to
demand their action, than in a case where the land damages
were to be assessed at extravagant prices. And this, in fact, *is*
a consideration usual in determining the question of necessity.
Will the increased convenience to the public warrant the ex-
penditure necessary to furnish that convenience? The board of
aldermen in this case, had the paper offered before the jury been
presented to them, as it was not, might, we think, properly have
given some consideration to it in coming to their conclusion.

*Judgment must be upon the verdict.*